Lawrence C. WALLACE, Jr., Plaintiff,

v.

HARDEE'S OF OXFORD,
INC., Defendant.

Civ. A. No. 94–T–406–N.

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 18, 1995.

Debra Jean Duffer Smith, Enterprise, AL, for plaintiff.

Terry Alan Sides, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Lawrence Wallace, Jr. alleges that, upon returning from active duty in Saudi Arabia, defendant Hardee's of Oxford, Inc.,[1] refused to reemploy him as an assistant manager in violation of the Veterans' Reemployment Rights Act, 38 U.S.C.A. §§ 4301–07 (West Supp.1994).[2] Wallace seeks damages under the Act. This cause is now before the court on a motion for summary judgment by Hardee's on the grounds that (1) there is no genuine issue of material fact as to whether Hardee's complied with the Act; (2) the claim is barred by various statutes of limitations; and (3) the claim is barred by the doctrine of laches. For the reasons given below, the motion for summary judgment is denied.

### I.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing how responsibilities on movant and nonmovant vary depending on who bears burden of proof at trial).

### A.

The court first decides if there is a genuine issue of material fact as to whether Hardee's offered to rehire Wallace. In July 1991, Wallace volunteered to serve in the Persian Gulf War.[3] The parties have stipulated that, at that time, Wallace was an assistant manager at Hardee's.[4] Wallace returned from military duty in late September 1991.[5] Sometime in October, Wallace met with the district leader/supervisor of Hardee's, William Cebula, to discuss reinstatement.[6] It is unclear exactly what transpired at that meeting. Cebula claims he offered Wallace the same position and the same pay Wallace had before he left in July.[7] After some discussion, Cebula maintains Wallace "said that he had another job offer making more money and that he was going to take it."[8] According to Wallace, Cebula offered a manager or general manager's job and Wallace said he would take it "pending some help with moving allowance."[9] Cebula said he would have to talk with the region leader and would get back to Wallace.[10] Wallace states he offered at a later meeting with Cebula to return to Hardee's as an hourly employee and was told to speak with the general manager.[11] Wallace also maintains that Cebula never gave a reply about the managerial job.[12] Wallace further declares that he went to Hardee's eight or ten times to see about getting his job back.[13] He maintains that each time he "was told they had no information on the job and to check back later."[14] For the purposes of summary judgment, the court accepts Wallace's version of the facts.

1. The defendant contends that its correct legal name is Flagstar Enterprises, Inc. f/k/a Spardee's Restaurants, Inc. The court will refer to the defendant as Hardee's.

2. The Act was formerly codified at 38 U.S.C.A. §§ 2021–27.

3. Wallace Dep. at 54.

4. Pretrial Order, filed October 6, 1994, at 4.

5. Wallace Dep. at 61.

6. *Id.* at 66–67; Cebula Dep. at 20.

7. Cebula Dep. at 21.

8. *Id.* at 22.

9. Wallace Dep. at 68.

10. *Id.* at 69.

11. *Id.* at 71–72.

12. *Id.* at 74.

13. Wallace Aff. at 1, attached as Exhibit A to plaintiff's response to defendant's motion for summary judgment.

14. *Id.*

■ The Veterans' Reemployment Rights Act, among other provisions, states that a veteran in Wallace's position in October 1991 should be "restored" to his previous position or a "position of like seniority, status, and pay." 38 U.S.C.A. § 4301(a)(2)(B)(i). The Act "is to be liberally construed for the benefit of the returning veteran." *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 196, 100 S.Ct. 2100, 2104, 65 L.Ed.2d 53 (1980).

■ Under a liberal interpretation of the act and given Wallace's version of the facts, it is not enough that Hardee's offered Wallace his job back or a better position. The alleged failure to confirm the position after Cebula stated he would get back to Wallace together with Wallace's repeated efforts to contact Cebula is enough to create a genuine issue of material fact as to whether Wallace was ever truly offered restoration to his position. *Cf. Cobb v. Prokop*, 557 F.Supp. 391, 397 (D.Mass.1983) (denial of promotion or other advantage) (veterans must be diligent enough to make clear restoration unsatisfactory, but need not "take extraordinary measures to enjoy the rights to which they are entitled"). Although Hardee's is correct that there was an offer to rehire, the mere offer, without concrete action taken to make the offer a reality, is not enough to meet the purposes of the Act. To suggest that an employer can make an offer, say he will contact the veteran regarding a counteroffer, fail to contact him, fail to respond to the veteran's attempts at clarification, and still not violate the Act, is to suggest that the Act is easily circumvented. The court declines to rule in a way that would facilitate such a circumvention.[15]

### B.

■ The court now turns to the second issue, whether Wallace's claim is barred by various statutes of limitations. Although the Act contains no express statute of limitations, Hardee's argues that a statute of limitations should be borrowed from one of several areas of federal law. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 162,

103 S.Ct. 2281, 2289, 76 L.Ed.2d 476 (1983). When there is no express statute of limitations, the court does not assume there are no time limits; instead it borrows "the most suitable statute or other rule of timeliness." *Id.* at 158, 103 S.Ct. at 2287. Such other rule includes laches. *Id.* at 162, 103 S.Ct. at 2289.

■ Because Congress has barred the use of state statutes of limitations under the Act, 38 U.S.C.A. § 4302, Hardee's requests the court to borrow from one of several federal statutes. Hardee's argues that if Congress had meant to preempt the use of federal statutes of limitations it would have done so, rather than barring only state statutes of limitation. The court is unpersuaded by this argument for two reasons. First, the argument ignores that the Act's silence can be explained on the basis that Congress enacted the bar on state statutes of limitations specifically to overrule case law on that issue. *Stevens v. Tennessee Valley Authority*, 712 F.2d 1047, 1055 (6th Cir.1983). Because, to the court's knowledge, there was no case law borrowing from federal statutes of limitations in the veterans' reemployment area, there would have been no reason for Congress to enact a statute on that subject. In this situation, Congress's silence on borrowing from federal statutes of limitation cannot be determinative. Second, the Senate Report on the issue suggests that laches is the only method of asserting a time bar to a claim under the Act.

"There is also added a provision at the end of this section which reaffirms and reflects more clearly the congressional intent that legal proceedings under this chapter shall be governed by equity principles of law, specifically by barring the application of State statutes of limitations to any such proceeding. Congress, in 1940, omitted any reference to the application of any time-barred defense in cases arising under this law, in part to insure the application of a policy of keeping enforcement rights available to returned veterans as uniform as possible throughout the country. The

---

**15.** The trier of fact could still find for Hardee's because it is far from clear that Wallace's view of the evidence will prevail.

equity doctrine of laches accomplishes the purpose as nearly as possible."

S.Rep. No. 907, 93d Cong., 2d Sess. 111 (1974), *quoted in Farries v. Stanadyne/Chicago Division,* 832 F.2d 374, 379 (7th Cir. 1987).

Hardee's has cited no Veterans' Reemployment Rights Act case in which a court has borrowed from a federal statute of limitations. There are at least two cases where courts could have done so but did not, choosing instead to focus on laches. *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 806 (8th Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980); *Blake v. City of Columbus,* 605 F.Supp. 567, 569 (S.D.Ohio 1984). Another court stated that "Congress did not intend that state statutes of limitations should apply to reemployment actions but that they should be subject only to the doctrine of laches." *Stevens v. Tennessee Valley Authority,* 712 F.2d 1047, 1055 (6th Cir.1983). The cases and legislative history suggest, though do not compel, the conclusion that the court should focus solely on the doctrine of laches in determining whether Wallace's claim is time barred. In light of these authorities and the necessity of liberally construing the Act, the court holds that the Act does not authorize borrowing a statute of limitations from another federal law and that only the doctrine of laches applies.

## C.

█ The court now turns to whether summary judgment should be granted under the doctrine of laches. Approximately two and one-half years elapsed from the time of the alleged refusal to rehire until Wallace filed his complaint. A delay of two and one-half years is not enough by itself to bar a suit under the Act through the doctrine of laches. *E.g., Petry v. Delmarva Power & Light Co.,* 631 F.Supp. 1532, 1534 (D.Del.1986) (declining to bar claim despite four year delay).

█ In order to invoke the doctrine of laches, a defendant must show an inexcusable delay in asserting a right and undue prejudice to the defendant. *AmBrit, Inc. v. Kraft, Inc.,* 812 F.2d 1531, 1545 (11th Cir.1986)

(trade dress and trademark rights), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 822 (1987); *see also Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir.1979) (laches requirement in veterans' reemployment case met when plaintiff is "guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant"). Laches is "an equitable doctrine committed to the sound discretion of the trial court." *United States v. Davis,* 817 F.Supp. 926, 929 (M.D.Ala.1993), *aff'd,* 17 F.3d 1439 (11th Cir.1994) (table).

Based on the evidence before it at this time, the court is unable to rule that the prerequisites to invoking laches have been fulfilled. In particular, as to prejudice, Hardee's merely asserts the cost of defending the suit and the necessity of hiring other workers. Even assuming these assertions to be true, they do not rise to the level of undue prejudice. With regard to costs, Hardee's would have been required to spend money defending the suit even if the claim had been filed promptly. With regard to hiring other workers, Wallace's claim is not for reinstatement but for damages. The court does not see how Hardee's has been prejudiced by the cost of defending the suit now instead of earlier and by continuing to conduct its normal business operations.[16]

## II.

In sum, the court finds that Wallace's claim is not barred by various statutes of limitations and that there is a genuine issue of material fact as to whether Hardee's complied with the Act and whether the doctrine of laches precludes Wallace's claim.

Accordingly, it is ORDERED that the motion for summary judgment, filed by defendant Hardee's of Oxford, Inc. on December 1, 1994, is denied.

**16.** Hardee's will still have the opportunity to present evidence at trial to establish laches.